# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00275-COA

**MICHAEL HEARN A/K/A MICHAEL H. HEARN**          **APPELLANT**
**A/K/A MICHAELL HENRY HEARN**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2023 |
| TRIAL JUDGE: | HON. LEE JACKSON HOWARD V |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL HEARN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/21/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., GREENLEE AND WESTBROOKS, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. We affirm the Oktibbeha County Circuit Court's order dismissing Michael Hearn's pro se combined motion for post-conviction relief (PCR) as time-barred for the reasons addressed below.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. In July 1978, Hearn was indicted for selling a controlled substance (marijuana) to an undercover agent. He pleaded guilty to this charge on February 1, 1979, in the Oktibbeha County Circuit Court. *Hearn v. State*, 328 So. 3d 731, 732 (¶2) (Miss. Ct. App. 2021). On April 16, 1979, Hearn was sentenced for this crime to serve six years in the custody of the Mississippi Department of Corrections. *Hearn v. State*, 3 So. 3d 722, 726 n.4 (Miss. 2008).

¶3. In 1993, Hearn was convicted of aggravated assault and sentenced to serve twenty years in the custody of the MDOC. *Hearn*, 328 So. 3d at 732 (¶2). While serving that sentence, "[o]n April 1, 2005, Hearn was indicted in the Lauderdale County Circuit Court on two counts of intimidating a judge pursuant to Mississippi Code Annotated Section 97-9-55 (Rev. 2006)." *Hearn*, 3 So. 3d at 726 (¶7). "Because of Hearn's status as a habitual offender, the State sought an enhanced sentence of life without the possibility of parole." *Id.* In 2008, the Mississippi Supreme Court affirmed Hearn's convictions and life sentences for the two counts of intimidating a judge. *Id.* at 725 (¶1).

¶4. In April 2022, Hearn filed an application in the Mississippi Supreme Court for leave to seek post-conviction relief "to collaterally attack his 1979 conviction and sentence for selling a controlled substance." Order, *Hearn v. State*, No. 2022-M-00403 (Miss. June 15, 2022). The supreme court found that "Hearn pleaded guilty [to that conviction] and does not appear to have appealed his sentence." *Id.* Thus, the supreme court dismissed Hearn's application "without prejudice to his right to seek post-conviction relief in the trial court." *Id.*; *see* Miss. Code Ann. § 99-39-7 (Rev. 2020).

¶5. On November 3, 2022; December 20, 2022; and December 27, 2022, Hearn filed three pro se motions in the Oktibbeha County Circuit Court that the circuit court considered together as one combined PCR motion.[1] *See* Mississippi Uniform Post-Conviction Collateral

---

[1] Each pro se motion is designated as a "letter from inmate" on the Oktibbeha Circuit Court Clerk's docket, but the motions were not part of the appellate record. On its own motion, this Court ordered the Oktibbeha County Circuit Clerk to supplement the appellate record within fourteen days with these three pro se motions. Order, No. 2023-CP-00275-COA (Miss. Ct. App. April 22, 2024). On April 30, 2024, the circuit clerk supplemented the appellate record.

Relief Act (UPCCRA), Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2020).[2]

¶6.     The circuit court denied relief and dismissed Hearn's combined PCR motion as untimely, finding as follows:

> The Court, after having considered [Hearn's combined PCR motion], finds that said Motion is filed past the statute of limitations provided in [s]ection 99-39-5[(2),] . . . which allows for a post-conviction motion to be filed three years after a conviction following a plea of guilty or three years following a ruling on direct appeal following trial.

¶7.     The circuit court further found that Hearn's combined PCR motion met none of the statutory exceptions to section 99-39-5(2), as follows:

> Further, the motion meets none of the exceptions of Section 99-39-5 MCA (1972), since no new evidence has appeared which was not available when the case could have gone to trial, no intervening higher court decision has passed, nor is the Petitioner being detained on an expired sentence.

Accordingly, on February 2, 2023, the circuit court denied and dismissed Hearn's combined PCR motion as time-barred.

¶8.     Hearn appeals.

## STANDARD OF REVIEW

¶9.     On review of "a circuit court's dismissal or denial of a PCR motion," we "decline to reverse unless the circuit court's decision is clearly erroneous." *Badger v. State*, 369 So. 3d 90, 93 (¶8) (Miss. Ct. App. 2023) (internal quotation marks omitted). "Questions of law are reviewed de novo." *Id.*

---

[2] The combined PCR motion consists of 255 pages, mostly handwritten. For the most part, the motion appears to list authorities and citations and also includes numerous handwritten federal pleadings. Upon review, we are unable to discern what claims Hearn asserted or what relief he sought.

3

**DISCUSSION**

¶10. Hearn asserts that the circuit court's order denying and dismissing his combined PCR motion should be reversed because his 1979 conviction and sentence for selling a controlled substance was based upon a "defective barebone indictment."[3] For the reasons addressed below, we find no clear error in the circuit court's dismissal of Hearn's combined PCR motion as time-barred. Accordingly, we affirm the circuit court's order dismissing Hearn's combined PCR motion.

¶11. Section 99-39-5(2) of the UPCCRA delineates a three-year time period within which a PCR motion must be filed:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

¶12. Unless a PCR motion filed outside the three-year limitations period fits within one of the express statutory exceptions, it is time-barred. *Howell v. State*, 358 So. 3d 613, 615-16

---

[3] Section 99-39-5(1) of the UPCCRA governs a person's standing to seek post-conviction relief. The 2009 amendment to this provision "altered the class of individuals who have standing to proceed with a motion for post[-]conviction relief." *Howell v. State* (*M. Howell*), 283 So. 3d 1100, 1104 (¶15) (Miss. 2019). Prior to the amendment, the statute required that a prisoner be in custody under the sentence about which he or she complains. *Id.* After the 2009 amendment, however, "[s]tanding no longer hinges on [that] requirement[,] . . . [but,] [i]nstead, post[-]conviction relief is available to '[a]ny person *sentenced* by a court of record of the State of Mississippi.'" *Id.* at (¶16) (emphasis added) (quoting Miss. Code Ann. § 99-39-5(1) (Rev. 2015)). In accordance with *M. Howell*, we recognize that Hearn has standing to challenge his 1979 conviction and sentence for selling a controlled substance through his combined PCR motion even though he is no longer serving the particular sentence he appears to address in his motion. *See, e.g.*, *Figueroa v. State*, 319 So. 3d 1151, 1153 n.1 (Miss. Ct. App. 2020).

4

(¶¶8, 12) (Miss. 2023).  The statutory exceptions follow:

> (1) an intervening decision . . . which would have actually adversely affected the outcome of [the movant's] conviction or sentence, (2) conclusive evidence, not reasonably discoverable at the time of trial, (3) untested (or inadequately tested) biological evidence, and (4) an expired sentence or unlawful revocation of probation, parole, or conditional release.

*Badger*, 369 So. 3d at 93 (¶12) (internal quotation marks omitted); *see* Miss. Code Ann. § 99-39-5(2)(a)(i)-(ii) & (b).  "[Hearn], as the PCR movant, bears the burden of proving his [motion is] not barred because of a statutory exception." *Id.*

¶13.    In this case, Hearn's combined PCR motion, filed in November and December 2022, was filed over forty-three years after he pleaded guilty to the sale of a controlled substance in February 1979 and the entry of the sentencing order for this conviction in April 1979.[4] Hearn's combined PCR motion is barred on its face by the three-year limitations period set forth in section 99-39-5(2).

¶14.    In his briefing on appeal, Hearn has not addressed any of the statutory exceptions to the UPCCRA time-bar.  Hearn's appellant brief largely consists of a listing of legal articles or citations, other legal publications (such as Black's Law Dictionary with definitions of various legal terms), federal and state statutes, rules, regulations and administrative standard operating procedures, case citations, and constitutional provisions and amendments.[5] Although there is a reference to the UPCCRA, Miss. Code Ann. § 99-39-5(2), in that brief,

---

[4]  As to Hearn's latest convictions and sentences for two counts of intimidating a judge, Hearn's combined PCR motion was filed over thirteen years after the supreme court affirmed those convictions and sentences in 2008.

[5]  Hearn's reply brief consists of notations and citations handwritten on the Appellee Brief that do not convey a coherent argument.

the statutory provision is simply listed with numerous other statutes and is not accompanied by any argument at all, nor is any exception to the statutory time-bar listed or addressed in any way.

¶15. As we have noted above, it appears that Hearn claims his 1979 conviction and sentence for selling a controlled substance was based upon a "defective barebone indictment." This claim does not fall within a statutory exception to the UPCCRA. It is time-barred.

¶16. Although the supreme court in *Howell* left open the possibility of "other arguments [that] may be used to attack the constitutionality of the statutory bars," *Howell*, 358 So. 3d at 616 (¶12),[6] Hearn fails to support his defective-indictment claim with any discernible legal argument or factual basis upon which relief could granted. It thus fails for this additional reason. *Cf. Fluker v. State*, 334 So. 3d 160, 163 (¶7) (Miss. Ct. App. 2021) (recognizing in a *pre-Howell* context that "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar").

¶17. In sum, Hearn has not asserted any statutory exception to the time-bar under the UPCCRA, and he fails to show any other ground that "may be used to attack the

---

[6] We recognize that in *Hathorne v. State*, for example, the supreme court held that a defendant's "challenge to the substantive sufficiency of his indictment cannot be waived." *Hathorne v. State*, 376 So. 3d 1209, 1215 (¶20) (Miss. 2023). In *Hathorne*, the supreme court granted the defendant's timely filed motion where "the Court of Appeals and this Court [on petition for writ of certiorari] agree that [the defendant's] indictment was defective because it failed to *charge a crime at all*, not just that it lacked sufficient detail." *Id.* at 1214 (¶18). These circumstances are not present here. Hearn's combined PCR motion was untimely, and he sets forth no legal or factual argument at all in support of his defective indictment claim.

constitutionality of the statutory bars." *Howell*, 358 So. 3d at 616 (¶12). Accordingly, we affirm the circuit court's order denying relief and dismissing Hearn's combined PCR motion.

¶18. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**